85 309
88 318
85 309
91 643

[No. 20684. In Bank.— August 4, 1890.]

Ex parte F. C. KEIL, on Habeas Corpus.

Habeas Corpus — Defective Commitment — Kidnaping — Assault with Deadly Weapon. — A warrant of commitment issued on the charges of kidnaping and assault with a deadly weapon is defective in form in failing to show the name of the party assaulted and imprisoned; but such defect will not entitle the prisoner to be discharged on *habeas corpus*.

Id. — Amendment of Defective Commitment. — Where a proper order for holding the prisoner to answer is indorsed on the depositions by the committing magistrate, he can at any time amend the warrants of commitment so as to make them fully and formally descriptive of the offenses proved by the depositions.

Id. — Commitment for Wrong Offense — Depositions Showing Other Offenses — Duty of District Attorney — Lawful Detention of Prisoners. — The fact that prisoners were committed for kidnaping, of which they were not guilty, does not entitle them to be discharged on *habeas corpus*, if the depositions taken on the commitment show that they were guilty of false imprisonment, and that some, if not all, of them were guilty of assault with deadly weapons, it being the right and the duty of the district attorney to file informations against them for the offenses disclosed by the depositions, regardless of the terms of the commitments; and pending the filing of such informations, their imprisonment is lawful, and they cannot be discharged on *habeas corpus*.

Criminal Law — Kidnaping — Taking Kidnaped Person out of State — Island Part of State — High Seas. — Whether or not any part of the channel of the Pacific Ocean between Santa Catalina Island, which forms part of the county of Los Angeles, and the mainland is, as between the state and the nation, or as between the United States and foreign nations, a part of the high seas, a mere design to take a person across such channel from another part of Los Angeles County to such island cannot be held to be a design to take such person out of the state, within the meaning of section 207 of the Penal Code, which defines kidnaping. (McFarland, J., and Paterson, J., dissenting.)

APPLICATION to the Supreme Court for the discharge of petitioner upon a writ of *habeas corpus.* The facts are stated in the opinion of the court.

*Max Loewenthal,* for Petitioner.

*Frank P. Kelly,* for Respondent.

BEATTY, C. J.— The petitioner in the above-entitled case has been committed on charges of kidnaping and assault with a deadly weapon. He seeks to be discharged on *habeas corpus,* upon the grounds that the warrant of commitment is defective in substance, and that the evidence contained in the depositions shows that he was not guilty of the offense of kidnaping, but, at most, of a false imprisonment.

1. The commitments are defective in form in failing to show the name of the party assaulted and imprisoned; but this defect does not entitle the prisoner to be discharged. (Pen. Code, sec. 1488; *Ex parte Bull,* 42 Cal. 199.)

Besides, a proper order for holding the petitioner to answer was in every instance indorsed on the depositions by the committing magistrate, and he could at any time amend the warrants of commitment so as to make them fully and formally descriptive of the offense proved the depositions. (*Ex parte Branigan,* 19 Cal. 133.)

2. The depositions show that the petitioner and others, about midnight of the 26th of February, 1890, went aboard of a schooner moored at the wharf in San Pedro, in the county of Los Angeles, and by threats, display of pistols, and actual force unlawfully removed two sailors, Bush and Kemp, from the vessel, and conveyed them in an open boat to the island of Santa Catalina, where they were detained for several days, and until they were released by the sheriff of Los Angeles.

Kidnaping is thus defined by section 207 of the Penal Code: "Every person who forcibly steals, takes, or

arrests any person in this state, and carries him into another country, state, or county, or who forcibly takes or arrests any person, with a design to take him out of this state, without having established a claim according to the laws of the United States or of this state, or who hires, persuades, entices, decoys, or seduces by false promises, misrepresentations, or the like, any person to go out of this state, or to be taken or removed therefrom, for the purposes and with the intent to sell such person into slavery or involuntary servitude, or otherwise to employ him for his own use, or to the use of another, without the free will and consent of such persuaded person, is guilty of kidnaping."

Santa Catalina Island is a part of the county of Los Angeles, and there is no evidence in the depositions that the petitioner took or intended to take Bush and Kemp into any other country, state, or county. Petitioner was not guilty of kidnaping, therefore, unless he had the "design to take them *out of this state,*" within the meaning of the section above quoted. Whether he had such design or not depends upon whether the channel twenty miles wide between Santa Catalina Island and the mainland is, in the sense of the statute, out of the state.

The boundaries of California are defined by article 21 of the constitution as follows:—

"Sec. 1. The boundary of the state of California shall be as follows: Commencing at the point of intersection of the forty-second degree of north latitude with the one hundred and twentieth degree of longitude west from Greenwich, and running south on the line of said one hundred and twentieth degree of west longitude until it intersects the thirty-ninth degree of north latitude; thence running in a straight line, in a southeasterly direction, to the river Colorado, at a point where it intersects the thirty-fifth degree of north latitude; thence down the middle of the channel of said river to the boundary line between the United States and Mexico, as established by

the treaty of May 30, 1848; thence running west and along said boundary line to the Pacific Ocean, and extending therein three English miles; thence running in a northwesterly direction and following the direction of the Pacific Coast to the forty-second degree of north lattude; thence on the line of said forty-second degree of north latitude to the place of beginning. Also, including all the islands, harbors, and bays along and adjacent to the coast."

That Santa Catalina Island is embraced by this description is admitted, but it is contended that the waters of the ocean at all points more than a marine league from the shore are out of the state, and that the state has no jurisdiction over them, and consequently, that in conveying his prisoners from the mainland to the island, twenty miles distant, the petitioner necessarily took them, and intended to take them, out of the state. This presents a nice and important question, as to which the court is not agreed, and as its decision is not essential to a disposition of this case, it will be left for future consideration.

We are satisfied that, whether or not any part of the channel between Santa Catalina and the mainland is, as between the state and the nation, or as between the United States and foreign nations, a part of the high seas, a mere design to take a person across such channel from one part of Los Angeles county to another part of the same county cannot be held to be a design to take such person out of the state, within the meaning of the Penal Code, and consequently, that there is nothing in these depositions to show that the petitioners were guilty of the crime of kidnaping.

But it does not follow from this that the prisoners are unlawfully held, or that they should be discharged from custody.

The depositions show that they were guilty of false imprisonment (Pen. Code, secs. 236, 237), an offense of

which the superior court has jurisdiction, and also that some, if not all, of them were guilty of assault with deadly weapons.

This being so, it is the right and the duty of the disstrict attorney to file informations against them for the offenses disclosed by the depositions, regardless of the terms of the commitments. (*People* v. *Vierra*, 67 Cal. 231.

Pending the filing of such informations, their imprisonment is lawful.

Writ discharged, and petitioner remanded.

Fox, J., THORNTON, J., WORKS, J., and SHARPSTEIN, J., concurred.

McFARLAND, J., and PATERSON, J., concurring.— We concur in the judgment remanding the petitioner; but we think that a design to take a person across that part of the Pacific Ocean which lies between the mainland and the island of Santa Catalina is a "design to take him out of this state" within the meaning of that part of the Penal Code which defines kidnaping.