[Crim. No. 2442. In Bank.—March 6, 1922.]

In the Matter of the Application of GUSTAVE SEVERIN
for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—EMBEZZLEMENT—HABEAS CORPUS.—Where after a preliminary examination a defendant is held to answer for the crime of embezzlement, even if the charge is not sustained by the evidence, but there is sufficient cause for holding him for the commission of a crime, he should not be discharged on *habeas corpus* until the proper authorities have had an opportunity to make the correct charge.

[2] ID.—HABEAS CORPUS—DISCHARGE.—It is never the duty of the court to discharge a petitioner on *habeas corpus* where it appears that, notwithstanding defects in the form of the charge against him, he is probably guilty of a criminal offense.

[3] ID.—PLEADING—DIFFERENT OFFENSE.—Under section 954 of the Penal Code a defendant may be charged with two or more different offenses, connected together in their commission, or of the same class of crimes, under separate counts.

APPLICATION for a Writ of Habeas Corpus to procure the discharge of petitioner from custody of the sheriff. Writ denied.

The facts are stated in the opinion of the court.

Marcel E. Cerf, C. H. Sooy and Edwin V. McKenzie for Petitioner.

R. M. J. Armstrong for Respondent.

SHAW, C. J.—After a preliminary examination upon a complaint charging the petitioner with the crime of embezzlement he was held to answer therefor and committed to the custody of the sheriff. He seeks release on *habeas corpus* on the ground that the order holding him to answer was made without reasonable or probable cause.

The evidence taken on the preliminary examination is set forth in the petition. It shows that the petitioner obtained from the complaining witness the sum of six hundred dollars upon representations made by him to said witness that he, the petitioner, had formed a partnership to carry on a certain business and that for that sum of money he would

admit the witness as a member of said firm. Apparently the witness delivered to him the money with the intent that it should be applied to that purpose and to pass the title thereto to the firm of which the witness was to become a member. The evidence also tends strongly to show that the representations were wholly false, that no such firm had been formed or was in existence, and that the petitioner, having received the money as above stated, converted it to his own use. It is extremely doubtful if this establishes the petitioner's guilt of the crime of embezzlement. Perhaps an argument could be framed, based on similar reasoning to that upon which the crime of larceny by trick and device is upheld, which would lead to the conclusion that the petitioner had obtained possession of the money by fraud, and that the title thereto had not passed, notwithstanding the intent of the witness that it should pass. But we are not disposed on this hearing to enter upon this inquiry. We have no cases in this state which would be a precedent for holding that this would constitute embezzlement, or at all events, none of which we are advised. The evidence shows probable cause to believe that the petitioner is guilty of either one or the other of three distinct crimes: (1) Larceny by trick and device, under the reasoning above stated; (2) embezzlement of money obtained by trick and device, under the same reasoning, or (3) obtaining money by false pretenses. [1] Assuming, therefore, that the complaint charging embezzlement is not sustained, it is clear that there was ample cause for holding the petitioner for the commission of a crime. It would therefore be improper for this court to discharge him until the proper authorities have had an opportunity to make the correct charge. The language of the late Chief Justice Beatty in *Ex parte Nicholas,* 91 Cal. 643 [28 Pac. 48], is applicable here. "He has been examined upon a charge which the committing magistrate has denominated larceny, but it may well be that the depositions prove embezzlement. It not unfrequently happens that the facts of a particular case leave it extremely doubtful under which definition the offense falls—that of larceny or embezzlement; and if the committing magistrate should give it a wrong designation in his order of commitment, that would not prevent the

district attorney from charging it correctly in the information.''

[2] It is never the duty of the court to discharge a petitioner on *habeas corpus* where it appears,. notwithstanding the defects in the form of the charge against him, that he is probably guilty of a criminal offense. (*Ex parte Branigan,* 19 Cal. 133; *Ex parte Keil,* 85 Cal. 309 [24 Pac. 742]; *Ex parte Nichols, supra;* Pen. Code, sec. 1489.) [3] Under section 954 of the Penal Code a defendant may be charged with two or more different offenses, connected together in their commission, or of the same class of crimes, under separate counts. When the petitioner is remanded the prosecuting officers may prefer new charges against him upon a complaint charging under separate counts the different offenses above mentioned, including the present charge, if deemed advisable, whereupon he may be again examined and recommitted and convicted of the offense which the evidence may ultimately prove that he has committed.

Let the petitioner be remanded to the custody of the sheriff.

Lawlor, J., Wilbur, J., Sloane, J., Richards, J., *pro tem.,* Shurtleff, J., and Waste, J., concurred.