STATE OF IOWA, Appellee, v. E. D. McWILLIAMS, Appellant.

CRIMINAL LAW: Evidence—Other Offenses—Uttering Forgery. On
the trial of an indictment for uttering at a named time a forged
promissory note, the State may show, on the issue of guilty knowl-
edge or intent, that the accused, about the same time, uttered other
forged promissory notes. (See Book of Anno., Vol. 1, Sec. 13897,
Anno. 159 *et seq.*)

Headnote 1:   16 C. J. p. 599.

*Appeal from Howard District Court.*—H. E. TAYLOR, Judge.

DECEMBER 15, 1925.

INDICTMENT for uttering a forged instrument. The jury
found the defendant guilty, and from the judgment pronounced
thereon, the defendant appeals.—*Affirmed.*

*Frank Sayre* and *Edwin A. Church,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant
Attorney-general, and *W. L. Barker,* County Attorney, for ap-
pellee.

VERMILION, J.—I. It is said that the evidence is insuf-
ficient to sustain the verdict. The evidence for the State tended
to establish the following facts: Appellant was cashier of the
Chester Savings Bank. Henry Bloss had, at some time prior to
February 21, 1923, executed a note to the bank for $400. This
note appellant had sold and transferred to H. S. Gue. In the
fall of 1922, Gue returned the note to appellant for collection.
After that, and prior to July 2, 1923, appellant, when asked by
Gue if he had collected the note, said he would get a renewal,
and on the latter date delivered to Gue the note in question for
$400, dated February 21, 1923, and purporting to be signed by
Bloss.

Bloss testified that he did not sign the second note so held
by Gue, and that he paid the original note for $400 to the re-

ceiver of the Chester Savings Bank. Bloss further testified that appellant, after his arrest, said to him that the note in question was not meant for Bloss to pay; that it was meant for a record; that he never meant it to be collected. There was testimony that the note the appellant was charged with uttering and the indorsement thereon were in appellant's handwriting.

The appellant testified that the note was signed by Bloss at the bank on the date it bore, and denied having the conversation testified to by Bloss. There was testimony from Bloss and others that Bloss was not at the bank on the date in question. It is clear that the question of appellant's guilt was for the jury, and that the verdict finds ample support in the evidence.

II. The court admitted evidence tending to show that three other forged notes were sold by appellant, about the time of the delivery of the note in question to Gue. Counsel concede in argument that two of these transactions, one of which was the sale of a note to Gue, were sufficiently close in point of time to the transaction in question to be admissible. It is urged that evidence of the other transaction was inadmissible because the note was dated in June, 1922. The testimony, however, showed that it was negotiated by the appellant some months later, and a short time before the uttering of the note in question.

The crime of uttering a forged instrument is one of the exceptions to the general rule that the commission of other crimes may not be shown against the accused. It belongs in the class where other like offenses committed by the defendant and connected in point of time or circumstances with the crime charged may be shown, to establish guilty knowledge or intent on his part. *State v. Saunders,* 68 Iowa 370; *State v. Jamison,* 74 Iowa 613; *State v. Prins,* 113 Iowa 72.

III. Complaint of the argument of the county attorney is without merit. The court, on objection of counsel for appellant, directed the jury to disregard any remarks relative to the financial standing of Bloss. The statements objected to were not of such a character that prejudice could have resulted after this admonition by the court.

We find no error in the record, and the judgment is—*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.