[Crim. No. 1508.   Second Appellate District, Division One.—November 10, 1927.]

THE PEOPLE, Respondent, v. JOHN CRONEVITCH, Appellant.

Richard Kittrelle and John F. Groene for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction on each of three several charges of burglary against him, and from an order of the trial court denying his motion for a new trial thereon.

It is first urged by appellant that the evidence was insufficient to support the verdict. The case against defendant was the burglarizing of rooms in certain hotels in the city of Los Angeles. Among other things, it was shown in evidence that the stolen property, consisting of money and jewelry, was taken without the consent of either of the several owners thereof; that at the time each of the burglaries was committed defendant was registered as a guest at the particular hotel from a room of which the property was stolen; that when defendant was arrested, among other things, the following articles were found in his possession, to wit: three files and a small pinch-bar, besides two talcum powder cans, each having a false bottom

and containing some of the stolen property and the complete parts of seventeen detachable skeleton keys. Defendant stated that the stolen property in his possession had been taken from the designated rooms in the hotels which had been burglarized. He also gave the location of other of the stolen articles. In addition thereto, with regard to a certain conversation had between him and defendant, a police officer testified in part as follows:

"I asked him at what time of the day or night did he enter the room of the Biltmore Hotel or the Rosslyn Hotel. He said that all the rooms were entered between two and four o'clock, as people were sound asleep at that time."

■ Appellant contends that such evidence merely shows possession of stolen property, and that it is insufficient to support a verdict of guilty of the crime of burglary. It will be noted that the evidence against defendant includes the following circumstances which tend toward the conclusion of his guilt, namely, his presence in the hotel at the time the burglary was committed; the possession by him of tools and appliances well calculated to enable him to commit the crime; his personal possession of a part of the stolen property and its concealment, together with skeleton keys, underneath a false bottom in a talcum powder can; his knowledge of the location of other articles of the stolen property; together with an admission by defendant as to the hours between which the several burglaries were committed. While it is possible that even in such circumstances defendant might be innocent, it is clear that the evidence was sufficient to leave no reasonable doubt of his guilt.

■ In the course of the trial, over the objection of defendant, each of several police officers testified to conversations theretofore had with defendant. Appellant raises the point that admissions made by defendant were illegally procured in that some benefit or reward was held out to defendant as an inducement to him to make the admission or admissions regarding his knowledge of the commission of each of the several offenses of which he was accused. In that connection, appellant directs attention to the following statements made by one of the witnesses:

" . . . I asked him several questions about the burglaries, and on this particular day and time I asked him why it was that he resorted to a measure of silence in the face of knowing that there was a lot of reason for his having his name placed on the register of these here different hotels, and I said, 'Now, John, we are interested chiefly in the return of the property that has been taken, and this will never profit you a bit, and you need never think that is going to do you any good. It will go from you just like you got it. It will never benefit you. *You might as well clear it up, take a dirty slate that you have dirtied and clean it up and start on a new one.'* "

Generally speaking, it is a well-recognized rule that a confession induced by means of a promise of reward, or of immunity from punishment, cannot be received in evidence. The following cases support appellant's contention: *People* v. *Barric,* 49 Cal. 342; *People* v. *Thompson,* 84 Cal. 598 [24 Pac. 384]; *People* v. *Siemsen,* 153 Cal. 387 [95 Pac. 863].

However, in the later case of *People* v. *Castello,* 194 Cal. 595, 601 [229 Pac. 855], where it appears that prior to the confession the officers made statements to defendants in effect that they "had the goods on them," and that they (defendants) "had just as well come clean," it was held that such remarks presented no legal obstacle to the introduction of a confession in evidence. And a similar ruling was made in *People* v. *Haney,* 46 Cal. App. 317 [189 Pac. 338], where the inducing statement made to the defendant was that "the truth would not hurt him and he better come out with it and tell it."

In the Castello case (194 Cal. 595, 601 [229 Pac. 885]), among other things, the court said:

"In the light of the decisions of the courts of this state it cannot be said that error was committed in the reception of the confessions in evidence even though we accept as true, as we must, the statements of the arresting officers made to the defendants, which were to the effect that they had the goods on them and that defendants 'had just as well come clean.' The statement carried no threat with it or hope of reward or promise of immunity whatsoever. Neither was it sufficient to create terror or fear in the minds of the defendants. It was nothing more than an

accusatory remark. The officers made no promise that they would aid or assist defendants in obtaining any immunity whatsoever, nor did they hold out any inducement which could properly be said to have brought forth the confessions. . . . ''

■ With the exception as to results obtained in the way of a confession, as distinguished from an admission, the situation there presented exactly fits the situation in the instant case. But aside from the admissions made by defendant, the other evidence was so strong and so suggestive of the guilt of defendant that as a matter of law it may not be said that any injury resulted to defendant by reason of the introduction in evidence of such admissions. ■ In addition thereto, the facts stated by defendant did not amount to a confession. At most, they were simply admissions of certain facts which, taken with others, indicated the guilt of defendant. As is pointed out in the case of *People* v. *Ferdinand,* 194 Cal. 555, 568 [229 Pac. 341]: ''An admission as applied to criminal law is something less than a confession, and is but an acknowledgment of some fact or circumstance which in itself is insufficient to authorize a conviction, and which tends only toward the proof of the ultimate fact of guilt. On the other hand, a confession by a defendant leaves nothing to be determined, in that it is a declaration of his intentional participation in a criminal act, and must be a statement of such a nature that no other inference than the guilt of the defendant may be drawn therefrom. (Citing cases.) . . . ''

■ The rule is well settled that with reference to admissions, as distinguished from confessions, it is unnecessary to show preliminarily to their introduction in evidence that they were made voluntarily by the defendant, without the use of coercion or intimidation of any sort, and without promise of reward or immunity from punishment. It must therefore be concluded that the contention of appellant cannot be sustained.

■ Finally, it is urged by appellant that prejudicial error was committed by the trial court in admitting evidence of the commission of other offenses by the defendant.

While from the record it appears that, over the objection of defendant, a separate statement made by defendant

to one of the police officers was admitted in evidence which contained admissions in effect that defendant had committed burglaries other than those of which he was accused, and while in the circumstances the introduction of such evidence constituted error on the part of the court, we are constrained to hold that, in view of the great weight of other evidence in the case which pointed almost conclusively to the guilt of defendant, the error of which complaint is made did not result in a miscarriage of justice. In other words, "after an examination of the entire cause, including the evidence" (sec. 4½, art VI, Const.), we are of the opinion that had evidence of the commission by defendant of other burglaries not been presented to the jury, no verdict other than "guilty as charged in the information" could have been reached.

The judgment and the order denying a motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.