[Crim. No. 1892. First Appellate District, Division One.—June 20, 1936.]

THE PEOPLE, Respondent, v. ESUS NIETO, Appellant.

Leo A. Sullivan for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant Esus Nieto was jointly charged, with one Alec Frates, as having committed the offenses of rape and kidnaping. The information contained two counts, the first charging the rape and the second the kidnaping. Upon arraignment each defendant pleaded not guilty and waived a jury. Trial was had before the court and both defendants were found guilty on each of the two counts charged. Motion for a new trial was made by each defendant and denied. Motions for probation followed, which motions were likewise denied, and the defendants were sentenced to San Quentin for the period prescribed by law, the sentences of each defendant to run concurrently. An appeal was filed by Nieto alone.

The sole point raised by appellant is that the evidence is insufficient to support his conviction on either count. In order to avoid repetition we will discuss the evidence in the order in which the offenses occurred. Neither of the defendants took the stand and the evidence rests solely with the testimony produced by the prosecution. The evidence discloses that the prosecution witness was a girl twenty years of age. On December 8, 1935, accompanied by a young man, she visited the home of her sister. About 11 P. M. they left the sister's home and went to a restaurant. After remaining there for a while they took a taxicab and were driven to a cafe in Emeryville. At this place the young man drank several glasses of whisky. They danced, and left the cafe about 2 o'clock in the morning. The young man was intoxicated and started toward a group of men who were engaged in an argument. The prosecuting witness left him and proceeded to walk toward San Pablo Avenue to go to the Santa Fe station to get a cab to go home. When about halfway to San Pablo Avenue defendant Frates accosted her stating that her ''boy friend'' was in a fight, whereupon she started walking back to the cafe, when an automobile operated by appellant drove up alongside of her. Frates pushed her against it and told her to keep her mouth shut. She was then shoved

in the front seat of the car by Frates, who then entered, the three occupying the front seat. The prosecuting witness demanded that she be let out but Frates refused to comply with her request. The party drove about Oakland, the prosecuting witness continually demanding that defendants release her, which they refused to do. She had never before met them. The prosecuting witness testified that she feared Frates, who informed her he was a prize fighter, and he threatened to knock her teeth out if she made any attempt to escape. Appellant then drove the car over the Foothill Boulevard some distance and then turned into a dirt road. The victim began to scream and was told by Frates that if she continued to do so he would beat her head off. She again begged defendants to take her home, but they refused. The car was stopped and the prosecuting witness was ordered to step out. This she did and attempted to run away. She was seized by Frates and ordered to get in the back seat, with the threat that if she refused she would be beaten up. Frates then shoved her into the car and told her to take off her clothes. She tried to get up but was pushed back by Frates, and against her consent he had sexual intercourse with her. She struggled and resisted Frates to the best of her ability but was weakened by fright and the fear that Frates would do her further bodily harm. The act caused her great pain and suffering and produced a hemorrhage. After completing his act Frates called appellant. The girl then left the car and started to run away. Frates caught her and again threatened to beat her. She again asked to be taken home but Frates informed her she would have to have relations with appellant. Both defendants pushed her into the back seat of the car and appellant then had sexual intercourse with her. The girl was finally released and she immediately proceeded to her home and informed her relations of what had happened. Later she directed her brother and the authorities to the scene where the rape took place. At the time she reached home she was greatly excited and in a highly nervous condition and unable to relate her experience. She was taken to a physician and an examination disclosed that the labia was reddened and there had been bleeding; that the hymen had been recently ruptured and there were also bruises on her legs. Without further recital of the evidence it is clearly apparent that the evidence is amply sufficient to support both counts in the indictment.

710

 Appellant claims that the evidence shows he did nothing to force her into the car and that the prosecuting witness did not sufficiently repel his advances. The evidence shows otherwise and is amply sufficient to establish the guilt of appellant as an independent principal. (*People* v. *Hollowwa,* 138 Cal. App. 174 [31 Pac. (2d) 821].)  Moreover, aside from the evidence of forcible intercourse, there is ample evidence to sustain the conviction of appellant on the theory of aiding and abetting, for to be so convicted one need not have had intercourse with the person raped. (*People* v. *Macchiaroli,* 54 Cal. App. 665 [202 Pac. 474] ; *People* v. *Wood,* 56 Cal. App. 431 [205 Pac. 698].)

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.