[Crim. No. 1988.   Third Dist.   Mar. 18, 1947.]

THE PEOPLE, Respondent, v. CECIL TRAWICK,
Appellant.

Frank B. Graves for Appellant.

Fred N. Howser, Attorney General, and Jas. O. Reavis, Deputy Attorney General, for Respondent.

PEEK, J.—By an information containing two counts, appellant Trawick and his codefendant Copeland were charged with the crimes of rape and kidnapping. From the judgment of conviction and the order denying their motion for a new trial Trawick alone has appealed.

Summarizing the pertinent facts as disclosed by the evidence it appears that on the evening of February 11, 1946, at a point between three and four miles from the city of Fairfield, Solano County, the complaining witness was seated in the parked car of an Army captain with whom she had been riding that evening. Becoming frightened at the conduct of the captain she jumped from his car and ran across the highway to a car containing the appellant, Copeland, and a third man. In response to her request the three men stated they would drive her to her home in Fairfield and she took her place on the rear seat in the car next to appellant. Copeland

drove and the third man rode in the front seat with him. However, instead of taking her to Fairfield the car was turned off the highway in a direction away from that city. When she remonstrated and attempted to get out she was pulled back and forcibly restrained from leaving. During the ride occasional stops were made in the course of which both appellant and Copeland forcibly had sexual intercourse with the girl. She finally escaped and found refuge in a farm house.

Following their arrests each of the defendants made a voluntary statement to police officers. That of Copeland admitted the acts of intercourse but denied the use of force either in connection therewith or in the asportation. Trawick admitted having effected a slight penetration, and likewise denied the use of force. At the trial appellant repudiated his statement as having been induced by improper means.

Trawick now contends that the evidence is insufficient to sustain a conviction under section 207, subdivision 3, of the Penal Code, which defines the crime with which he was charged. That section provides: "Every person who forcibly steals, takes, or arrests any person in this state, and carries him into . . . another part of the same county, . . . is guilty of kidnapping." It is his contention that there is no showing of a forcible carrying away, inasmuch as the complaining witness entered the car voluntarily, and that at no time was he driving the car. Appellant's conclusion is not supported by the premises on which it is based. It is not necessary that the original accompaniment of the abductor be involuntary, if subsequently there is an enforced restraint of liberty. (*People* v. *Flores*, 62 Cal.App.2d 700, 702-703 [145 P.2d 318]; *People* v. *Ogden*, 41 Cal.App.2d 447, 456 [107 P.2d 50].)

Nor is it essential that the joint participant in such a kidnapping be the one who drove the vehicle used therein. (See *People* v. *Nieto*, 14 Cal.App.2d 707, 710 [58 P.2d 945]; *People* v. *Duran*, 57 Cal.App.2d 363 [134 P.2d 305].) His further argument that the purpose of driving the girl out of the direct way to her destination was the procuring of a car with good tires, is answered by the observation, that the jury was entitled to infer because of the relative identity of the distances to said destination and to the place where such car was procured, that such explanation was highly improbable.

Furthermore appellant's intent was not a material element of the offense. (*People* v. *Hunter*, 49 Cal.App.2d 243,

245, 250 [121 P.2d 529]; *People* v. *Fernandes,* 127 Cal.App. 45, 47-48 [15 P.2d 172].)

■ He next contends that the evidence fails to show forcible rape, as charged in the information and defined in Penal Code, section 261, subdivision 3, which provides:

"Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances:. . . . 3. Where she resists, but her resistance is overcome by force of violence."

However, the record discloses (1) definite testimony by the prosecuting witness to forcible ravishment by appellant on two occasions that night; (2) his confession or admission, which he later retracted; (3) her torn clothing; (4) the bruised condition of her body, and (5) the testimony of several witnesses who testified as to hearing screams at a time and place corresponding with the ones indicated in prosecutrix's story.

Since there was substantial evidence to support the verdict of the jury and the determination of the trial court on motion for new trial as to both counts, the legal sufficiency of the evidence is conclusively established. (*People* v. *Wade,* 71 Cal. App.2d 646, 650 [163 P.2d 59]; *People* v. *Ogden, supra,* at page 455.)

■ Defendant further assigns as error the admission of portions of the statements made by himself and his codefendant the day following the alleged crime on the ground that said statements were not voluntary but were induced by threats and promises of reward. In support of his position he cites *People* v. *Gonzales,* 136 Cal. 666 [69 P. 487] and *People* v. *Thompson,* 84 Cal. 598 [24 P. 384]. An examination of those cases discloses that in each instance the police officers, when testifying, in effect admitted that improper tactics had been used in procuring the statements there in question. Such is not the case in the present instance. Here the defendant's charge was categorically denied by the officers.

The question thus presented was one of conflicting evidence to be resolved by the trial judge in the first instance. (*People* v. *Loper,* 159 Cal. 6 [112 P. 720, Ann.Cas. 1912B 1193].) Since his discretion must be controlled by all of the attendant circumstances this court may not interfere with the conclusion thereon unless the same is without substantial support in the evidence. (*People* v. *Castello,* 194 Cal. 595 [229 P. 855]; *People* v. *Tugwell,* 28 Cal.App. 348 [152 P. 740].)

■ Moreover, as the trial court observed in making its rulings, the statements in question were not confessions of guilt but merely partial admissions against interest, therefore they were admissible in evidence irrespective of their voluntary character. (*People* v. *Cronevitch*, 86 Cal.App. 646, 650 [261 P. 309].)

Appellant further complains of the failure of the trial court to give instructions proposed by him including a particular cautionary instruction. ■ Instructions must be taken and read as a whole and if, when so considered, the entire charge may be said to fully and fairly present the law applicable to the case (*People* v. *Owsley*, 76 Cal.App.2d 166, 170 [172 P.2d 561]), the judgment will not be reversed for unimportant defects or, as in this case, because the court has refused to give repetitious instructions. ■ However, whether or not the failure to give an appropriate cautionary instruction is reversible error is a question which must be determined by the facts and circumstances of the particular case. (*People* v. *Owsley*, *supra*, at pages 169, 170.) The prosecutrix herein is not a child of young and tender years but an adult whose testimony was corroborated by her physical condition, the state of her clothing, the testimony of several witnesses who heard her screams at a time and place corresponding with the statements of the prosecutrix, and lastly the statements of the two defendants.

■ While the court did not give the exact instruction requested by appellant it did give what properly may be termed a modified version thereof. Additionally, full instructions pertaining to the rights of the defendants and the presumptions which the law raised for their protection were given. It necessarily follows that no prejudicial error was committed in refusing to give the particular instructions proposed by appellant.

■ Appellant's further contention, that the court erred in admitting evidence relating to acts and conversations occurring outside of his presence, also is without merit. Time and again the court instructed the jury that evidence against the codefendant Copeland was not to be considered in any way against defendant Trawick. This is all that the law requires where defendants are tried jointly for participation in the same crime or crimes. (*People* v. *Wade*, *supra*, at p. 653, and authorities there cited.)

Likewise without merit is the charge of prejudice on the part of the trial judge, because he refused to allow counsel for appellant to refer to the defendants as "boys." It appears that appellant was thirty years of age, and Copeland thirty-three. While the fact that defendants were in the armed service may be thought to make the mode of designation used by counsel and several of the witnesses—including the prosecutrix on occasion—appropriate, and the court's admonition unnecessarily strict, it hardly could be deemed prejudicial.

For the foregoing reasons the judgment and order are affirmed.

Adams, P. J., and Schottky, J. pro tem., concurred.