**STATE of Iowa, Appellee,**

v.

**Kenneth WILSON, Appellant.**

**No. 53298.**

Supreme Court of Iowa.

Jan. 13, 1970.

R. Fred Dumbaugh, Cedar Rapids, for appellant.

Richard Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

RAWLINGS, Justice.

Defendant appeals from judgment entered pursuant to jury verdict finding him guilty of uttering a forged instrument in violation of section 718.2, Code, 1966, as charged by county attorney's information. We affirm.

In course of trial Ronald Gerard, a clerk at the Me Too Store in Cedar Rapids, testified to the effect that about 4:30 p. m., April 5, 1968, he cashed two payroll checks purportedly issued by Navajo Freight Lines. One of the checks, exhibit 22, was passed to him by defendant. Shortly after quitting time he was told the checks might be worthless. Two weeks later they were returned marked stolen.

Another witness, Steve Humburg, employee of the Sun Mart Grocery, related he also received a Navajo Freight Lines

check from defendant. This occurred April 4, 1968. It was subsequently returned with a like notation.

The record discloses two other such checks were cashed by defendant about the same time at the HyVee Store in Marion.

Roy Edwin Redfern, a HyVee employee, testified that April 5, at about 5:00 p. m., he went to the Eagle Store, Lindale Plaza in Cedar Rapids. Some men, including defendant, were there present, attempting to cash some Navajo checks. The police were notified.

Michael Ellis, Eagle Store manager, stated that after the two men presented the Navajo checks, word was received by him to the effect they were stolen. He attempted to delay defendant and his companion until police officers arrived, but was told by defendant, "Don't follow me another step or I'll shoot you." The men then left the store. Steven Scott, a part-time Eagle store employee, was told to follow the men and in doing so was twice told by defendant, "Don't follow me, boy, or I'll shoot you."

Also about 5:00 p. m., April 5, 1968, Detective Kenneth Millsap of the Cedar Rapids Police Department received a radio dispatch directing that he go to the Eagle Store, and be on the alert for a blue 1965 Chevrolet with foreign license plate.

When Millsap arrived at the Plaza, he observed a vehicle fitting the lookout description given. He saw the car being driven away, went in pursuit and, with the aid of two other officers, later stopped the vehicle. As officer Millsap approached the car he saw the accused, then sitting on the passenger side, reach under his coat and remove what appeared to be a small caliber pistol which was then placed under the front seat. There were two other men in the Chevrolet.

After the three subjects had been removed from the vehicle Millsap searched it. Under the front seat was found a pistol in a holster and an envelope containing a large sum of money. In the glove compartment he discovered a blackjack and partially full box of ammunition for the revolver. In the back seat were some new men's clothing. The search also produced two sacks containing carbon copies of blank payroll checks, cigarettes and several magazines. A tool box, typewriter, two suitcases, shaving bags, a CO2 pellet gun, and check protector were discovered in the car trunk. One of the suit cases, with cards bearing defendant's name in it, contained another pistol. The guns, ammunition, and blackjack were admitted in evidence over defendant's objections.

On appeal no issue is presented as to validity of the arrest or attendant search. Rather, the sole error relied on for reversal is that the items seized were irrelevant to the issues involved, and improperly admitted in evidence.

 I. In legal usage, "relevancy" means the logical relationship between proposed evidence and a fact to be established, the tendency to establish a material propposition. And evidence must generally have probative value to be relevant. State v. Theodore, 260 Iowa 1038, 1043–1044, 150 N.W.2d 612; State v. Wallace, 259 Iowa 765, 769–771, 145 N.W.2d 615; State v. Knox, 236 Iowa 499, 514–515, 18 N.W.2d 716; Jones on Evidence, Fourth Ed., sections 135–138, pages 236–243; McCormick, Treatise on Evidence, pages 315–316; Underhill's Criminal Evidence, Fifth Ed., section 11, page 12; 31A C.J.S. Evidence sections 158–159, pages 426–438; 29 Am.Jur.2d, Evidence, sections 251–252, pages 299–304; and 22A C.J.S. Criminal Law section 600, page 385.

 II. On the other hand, circumstances attendant upon crime connected flight, and arrest, are ordinarily admissible in evidence. State v. Bester, Iowa, 167 N.W.2d 705, 711; State v. Theodore, supra; State v. Ford, 259 Iowa 744, 750–751, 145

N.W.2d 638; State v. Agee, 257 Iowa 1345, 1349, 136 N.W.2d 419; State v. Harless, 249 Iowa 530, 534–535, 86 N.W.2d 210, cert. den. 355 U.S. 965, 78 S.Ct. 558, 2 L.Ed.2d 541; State v. O'Meara, 190 Iowa 613, 625, 177 N.W. 563; Wharton's Criminal Evidence, Twelfth Ed., sections 201–205, pages 404–423; Underhill's Criminal Evidence, Fifth Ed., section 373, page 919; 22A C.J.S. Criminal Law sections 625–628, pages 460–477; and 29 Am.Jur.2d, Evidence, sections 278–281, pages 328–331.

■ III. Furthermore, evidence relating to offenses other than that charged, which has a legitimate bearing on any point in issue, is admissible if it tends to establish, (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one tends to prove the other; and (5) identity of the person charged with commission of the crime. State v. Brown, 253 Iowa 658, 667–668, 113 N.W.2d 286, and State v. McCutchan, 219 Iowa 1029, 1046–1047, 259 N.W. 23. See also Spencer v. Texas, 385 U.S. 554, 560–561, 87 S.Ct. 648, 642, 17 L.Ed.2d 606; State v. Hill, 258 Iowa 932, 937–938, 140 N.W.2d 731; and Jones on Evidence, Fourth Ed., sections 173–175, pages 305–308.

■ The admissibility of any such evidence rests largely in trial court's discretion. State v. Anderson, Iowa, 159 N.W. 2d 809, 815, and State v. Bolds, 244 Iowa 278, 282–283, 55 N.W.2d 534, 536.

Of some relevancy here is this statement in State v. Bolds, supra: "Evidence of other offenses is ordinarily not admissible, but when malice or intent is involved or other transactions tend to show a general scheme or course of conduct on the part of the accused, an exception to the rule comes into play. In State v. McWilliams, 201 Iowa 8, 9, 206 N.W. 114, 115, we said:

■ " 'The crime of uttering a forged instrument is one of the exceptions to the general rule that the commission of other crimes may not be shown against the accused. It belongs in the class where other like offenses committed by the defendant and connected in point of time or circumstances with the crime charged may be shown, to establish guilty knowledge or intent on his part.'

"See also, State v. Gibson, 228 Iowa 748, 292 N.W. 786; State v. Cordaro, 206 Iowa 347, 349, 350, 218 N.W. 477; 22 C.J.S. Criminal Law § 691, pp. 1135–1139, inclusive.

"There must ordinarily be some relation in time between the offense charged and the other offenses, or attempted offenses, shown. Such there was here."

Finally, on the subject at hand, we quote this from 22A C.J.S. Criminal Law section 712c, pages 965, 967–968: " * * * while there is authority to the contrary, even where it is not claimed or proved that it was used in the commission of the crime, a weapon or other instrument found in the possession of accused or his associates when arrested, or at or near the place of arrest, has been held admissible as part of the history of the arrest, and as bearing on the crime, even though it is not clearly shown to be the property of accused. Likewise, a weapon or other instrument found in the possession of accused, but not used in the commission of the crime, has been held admissible to show that accused had carried it in his quest for a victim, although he had used another weapon, to show a design or plan, state of mind, or intent, or preparation to carry out previous threats, or to show that accused was armed when committing the offense, or that he was armed when arrested, in order to resist or elude arrest, or to show that he was equipped with criminal tools." See also State v. Schenk, 236 Iowa 178, 191, 18 N.W.2d 169.

IV. It is to us self-evidence, State v. Wallace, 259 Iowa 765, 145 N.W.2d 615,

is factually distinguishable from the case at bar. In Wallace, supra, there was no evidence even tending to disclose the defendant knew of a gun concealed in an automobile occupied by him, or that there was ever any threatened use of a weapon in commission of the offense charged. But here the testimony discloses defendant Wilson uttered a forged instrument, subsequently tried to pass similar drafts or checks, on the last occasion fled when he became alarmed, threatened to shoot those pursuing him, drove away, was soon apprehended, the car then searched, and various items seized.

Ordinarily "strong arm tactics" and use of guns do not accompany the uttering of a forged instrument. Here, however, the evidence discloses defendant was prepared to and did use force when resisted or provoked into so doing. In fact, this is a classic example of an interrelated and practically inseparable plan or pattern of criminal activity on the part of defendant, and associates, all within a relatively short period of time.

■ With little or no question, some fruits of the car search did tend to disclose conduct and offenses other than that with which defendant was at the moment charged. Furthermore, defendant's objections to introduction in evidence of the guns, ammunition and blackjack might well have been sustained, but that alone is not determinative. It still remains, that under the circumstances peculiar to this case, viewed in the light of those precepts set forth above, there was no reversible abuse of discretion by trial court in overruling defendant's objections to the challenged exhibits. Further discussion will serve no useful purpose.

Affirmed.

All Justices concur, except MASON, J., who dissents and REES, J., who takes no part.