[Crim. No. 2925. Second Appellate District, Division Two.—January 21, 1937.]

THE PEOPLE, Respondent, v. JOHN A. COOK, Appellant.

Isadore Morris for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was charged in the information in two counts with the crimes of kidnaping and rape. He was also charged with a prior conviction of the crime of theft of an automobile and with two prior convictions of burglary. He admitted all the prior convictions and upon trial before a jury was convicted on the charges of kidnaping and rape.

He appeals from the judgment pronounced and from the order denying his motion for a new trial.

According to the testimony of the prosecutrix, on the afternoon of June 23, 1936, defendant was standing in front of his residence, 1322 North Mission Road in the city of Los Angeles sprinkling a tree in the parkway with a hose. The prosecutrix walked along the sidewalk in front of his residence carrying a pocketbook which contained a box of hairpins, some postal cards and a small New Testament. As she neared defendant he turned, grabbed her and shoved her into the house, notwithstanding her screams for help. Inside the house she struggled with him, but he threw her to the floor and struck her. He overpowered her, removed some of her clothing and accomplished an act of sexual intercourse. Thereafter she ran screaming into a furniture store next door. The owner of the furniture store, Mr. Boswell, testified that the prosecutrix came stumbling into his store screaming and asking for help. Her face was red, her nose skinned and her hair tousled. She was without her glasses. Mr. Boswell called the police and ran to defendant's residence, where he noticed the hose lying on the sidewalk with water running from it. He noticed defendant in the rear and saw him climbing a high wire fence. Shortly thereafter he saw defendant on property near by where he had been stopped by two men. Defendant was kept in custody at that time while Mr. Boswell went to find a policeman. Upon defendant's request for a drink of water he was taken into a lavatory. He there attempted to escape through a window. The prosecutrix entered defendant's residence with a police officer and recovered her New Testament, the box containing her pins and the postal cards, an article of clothing and her eye glasses. Two days later a physician examined the prosecutrix and found her in a very nervous state with a bruised area on her left forehead, a scratch on her nose, her left elbow bruised and scratched, and bluish discolorations in the region of one of her vertebrae and on her left hip.

Defendant contends that in view of the condition of traffic in the street, the proximity of the house to the sidewalk and to various neighbors, and the fact that no one heard her screams, the statement of the prosecutrix was so improbable as to challenge one's credulity. He refers to *People* v. *Flores*, 15 Cal. App. (2d) 385 [59 Pac. (2d) 517], and argues that the

testimony of the prosecutrix is inherently improbable. We find little similarity between the facts of the Flores case and the facts of the present case. The testimony of the prosecutrix, with that of other witnesses, was amply sufficient to sustain the verdict.

Defendant complains of the following statements made by the district attorney in his argument to the jury: (1) "I want to congratulate counsel. He found more to be said in behalf of this defendant than I thought could have been dug out of this record." (2) "The officer told you the truth, told you when the defendant denied things and when he said he doesn't remember. That isn't of very great importance. It isn't determinative in the case. I say he said he couldn't remember because he couldn't think of a better story until he talked with his attorney." (3) "Practically in every state in the south this defendant would be facing the electric chair or the noose." We find nothing in these statements to justify a reversal of judgment. Moreover, defendant did not assign the first two statements as misconduct or ask that the jury be instructed to disregard them. In the absence of such requests defendant is not in position to seek a reversal now. (*People* v. *Warr*, 22 Cal. App. 663 [136 Pac. 304].) As to the third remark of which complaint is made, the court did in effect instruct the jury to disregard the district attorney's comment.

Defendant complains of the failure of the trial court to give to the jury an instruction requested by him on the subject of the flight of defendant as evidence. The court did instruct the jury fully on this subject, giving an instruction in the language of section 1127c of the Penal Code. This was sufficient.

The judgment and order are affirmed.

McComb, J., *pro tem.*, and Crail, P. J., concurred.