[Crim. No. 3361.   Third Dist.   Mar. 13, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT VIGNOLI, Defendant and Appellant.

William H. Whittington, Jr., under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Barry Bunshoft, Deputy Attorney General, for Plaintiff and Respondent.

FRIEDMAN, J.—Defendant was tried before a jury on the charge that he had violated Vehicle Code section 23105 by driving a vehicle upon a highway while under the influence of narcotic drugs.   There was a guilty verdict and he appeals from the judgment.

On January 9, 1962, at approximately 1 p.m. a Stockton police officer stopped defendant's vehicle after observing him driving at a speed of 35 to 40 miles per hour on a city street. With defendant in the car were his mother and two male persons.   Upon finding that defendant did not have a vehicle operator's license the officer arrested him and took him to the police station.   At approximately 1:30 p.m. his person was

examined by police officers, who found that he had marks and scabs on both arms. One mark on his left arm was bright red, having the appearance of fresh blood. The officers also observed that defendant was extremely drowsy, that his head would nod and then jerk up again.

At about 5:15 p.m. defendant was examined by Dr. John I. Morozumi. Dr. Morozumi testified that during the past six and one-half years he had examined between two and three thousand persons suspected of the illicit use of drugs. He observed defendant to be extremely sleepy and not able to respond very well. He found needle marks on defendant's right arm and six recent marks on his left arm, one mark, in the doctor's opinion, having been made within the previous six to ten hours. He also noted that the pupils of defendant's eyes were constricted. Constriction of the pupil, he testified, is useful in determining whether a person is under the influence of an opium derivative. He stated that in his opinion defendant was under the influence of a narcotic drug at the time of the examination. He also stated that the average span of observable influence of narcotic injection is four to six hours. He testified that, on the assumption that defendant had not received any drugs in the interim, he would consider defendant to have been under the influence of a narcotic drug five hours earlier. Actually, since 1 o'clock that afternoon defendant had been in the continual custody of the police and had not received any narcotic drugs during that time.

Defendant's principal argument is the assertion that—whatever might have been his condition at the time of Dr. Morozumi's examination—there was no evidence of any kind that he was under the influence of narcotics at the particular time he was driving the vehicle, which was four to five hours earlier. He argues that the only basis for such a finding was Dr. Morozumi's inferential opinion that defendant had been under the influence of narcotics as much as five hours before the examination. He contends that the jury could not properly base its own inference on the preceding inference drawn by the doctor.

The verdict stands on substantial evidence without the support of Dr. Morozumi's inferential opinion. Defendant's condition at the time he was examined by the doctor, the presence of a fresh puncture mark at that time, the presence of the same mark noted one-half hour after the driving, defendant's drowsy condition at the police station immediately after his arrest, all these constituted legally

proved facts from which the jury were "warranted by a consideration . . . the course of nature" in drawing a deduction as to defendant's condition at the time he was driving. (Code Civ. Proc., § 1960.)

We do not say, however, that the jury could not have utilized Dr. Morozumi's inferential opinion to support its finding. ■ It has been said that "an inference cannot be based upon an inference." (See cases cited 31 C.J.S., Evidence, § 116, p. 729; Witkin, California Evidence, p. 145.) The doctrine, if it ever was a doctrine, has been repudiated in this state. The present rule, both in criminal and civil cases, is that an inference cannot be based on an inference that is too remote or conjectural. (*People* v. *Chessman,* 38 Cal.2d 166, 187 [238 P.2d 1001]; *People* v. *Phillips,* 173 Cal.App.2d 349, 353 [343 P.2d 270]; *Savarese* v. *State Farm Mutual Automobile Insurance Co.,* 150 Cal.App.2d 518, 520 [310 P.2d 140]; see additional cases, Witkin, *op. cit.,* p. 145.) Dr. Morozumi's opinion that defendant had been under the influence of narcotics five hours earlier was not conjecture. It was a logically supportable deduction based upon defendant's condition at the time of the examination plus the doctor's expert knowledge of the "course of nature," that is, as nature manifests itself by the duration of observable narcotic effects. Being a sound inference and not remote, speculative or conjectural, it provided adequate foundation for a jury inference of defendant's condition at the time he was driving.

■ Defendant's present counsel, who did not represent the defendant at the trial, contends that evidence of the condition of defendant's arm was bound to arouse jury prejudice and its admission was error. There was no objection to the evidence and no motion to strike. Evidence of puncture marks on defendant's arms had powerful probative force in demonstrating his condition at the time of driving. Its admissibility was primarily a question for the discretion of the trial judge. (*People* v. *Cheary,* 48 Cal.2d 301, 312 [309 P.2d 431]; *People* v. *Reese,* 47 Cal.2d 112, 120 [301 P.2d 582].) Had objection been made, there would be no reason to reverse a ruling in favor of admissibility.

No other contentions need be considered.

Judgment affirmed.

Pierce, P. J., and Schottky, J. concurred.