[Crim. No. 14033.   Second Dist., Div. Four.   Jan. 30, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. EUGENE WILLIAM MASON, Defendant and Appellant.

Elinor Chandler for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Andrea Sheridan Ordin, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—On January 13, 1967, defendant was charged in count I with kidnapping (Pen. Code, § 207, a felony), and in count II with rape (Pen. Code, § 261, subd. 4, a felony).

It was alleged that, prior to the commission of the offenses charged, defendant had been convicted of the crime of robbery, a felony, on December 24, 1956, and also convicted of a violation of secton 487, subdivision 1, of the Penal Code, a felony, on March 10, 1961.

Defendant pled not guilty and withdrew the plea; his motion under Penal Code, section 995, was denied; defendant again pled not guilty and denied the truth of the prior convictions.

Defendant was found guilty on both counts and the prior convictions were found true. Defendant's motion for a new trial was denied.

The court, after reading and considering the court-appointed psychiatrist's report, found defendant to be sane in the past and presently sane and able to participate in the proceedings. The court dismissed count II (rape) on its own motion, on the ground that the proof did not amount to proof beyond a reasonable doubt. The court ordered proceedings suspended on count I and granted probation for five years on condition that defendant spend the first six months in county jail.

On December 23, 1966, Mrs. Nayda Lagana, a waitress at Lyttle's Restaurant, was walking to work at 11:25 p.m., when a car made a U-turn and drove up to the curb where she was walking. Defendant got out, grabbed her arm and told her to get in the car. Mrs. Lagana recognized defendant because she had seen him several times in the restaurant where she worked. Defendant said, ''Get into the car or I'll kill you.'' Defendant said he had a knife, and he pushed Mrs. Lagana into the car, held his hand over her eyes, and another person drove the car. They stopped at a dirt lot. Defendant had a cane with him. He told Mrs. Lagana to get down or he would kill her, and defendant accomplished an act of sexual intercourse with her. Then defendant said, ''What's your name?'' Mrs. Lagana said, ''Nayda.'' Defendant said, ''Oh, my God, I think I got the wrong girl.''

Mrs. Lagana was driven to work by two boys who saw her running, and she reported the events to the police. Slides taken from Mrs. Lagana showed human spermatozoa. There were seminal stains on defendant's shorts and trousers at the time of his arrest.

James Schirtzinger was with defendant on December 23d. He and defendant picked up a young lady. Schirtzinger drove defendant to the lot and defendant and the girl got out and Schirtzinger drove away.

Defendant testified that he had a back injury. Mr. Walters testified that defendant wore a brace on his leg.

## I

██ Defendant first contends that it was prejudicial error to allow the jury to determine the truth or falsity of the prior convictions without first finding defendant guilty of the crime he was charged with. Defendant argues that it was unconstitutional to fail to bifurcate the trial such that the jury would receive evidence relating to defendant's prior conviction only after determination of defendant's guilt.

It is not necessary to have a bifurcated proceeding in which the fact of the prior conviction is determined in a proceeding after the conviction of the primary offense. (*People* v. *Hickok* (1964) 230 Cal.App.2d 57, 59-60 [40 Cal.Rptr. 687] ; *People* v. *Hoerler* (1962) 208 Cal.App.2d 402, 408 [25 Cal.Rptr. 209].)

██ The statutory procedure (Pen. Code, §§ 1025, 1093, 1158) of reading to the jury the indictment referring to a prior conviction, and of presenting evidence to the jury of the prior convictions at the same time that the proof of the substantive crime is presented, does not deprive defendant of his constitutional rights. (*Spencer* v. *Texas* (1967) 385 U.S. 554 [17 L.Ed.2d 606, 87 S.Ct. 648] ; *People* v. *Hoerler, supra,* (1962) 208 Cal.App.2d 402, 404.)

## II

██ Defendant's second assertion is that the People did not have sufficient proof of the prior convictions. Defendant asserts that only documentary evidence was admitted regarding the prior convictions and there was no showing by fingerprints or pictures that the prior convictions related to the defendant.[1] Defendant asserts that, "Nothing, in fact, was shown but the same or similar names."

Although there are conflicting authorities among the vari-

---

[1] The record *does* show that some pictures of defendant were admitted but these pictures were taken years after the earlier convictions.

ous states (see 85 A.L.R. 1107; 11 A.L.R.2d 884, 886 and 892), the California cases hold that, in the absence of other and contrary testimony,[2] the identity of names, coupled with proper proof of prior convictions, is sufficient to sustain a finding that defendant was the person involved in the earlier cases. (*People* v. *Theodore* (1953) 121 Cal.App.2d 17 [262 P.2d 630].) We see no reason to depart from the *Theodore* rule.

The judgment is affirmed.

Files, P. J., and Dunn, J., concurred.

---

[2]In *People* v. *Willison* (1931) 116 Cal.App. 157 [2 P.2d 543], where the finding of a prior was reversed for insufficient evidence, the record showed commitments under names other than those given for the defendant.