[Crim. No. 14803.   Second Dist., Div. Five.   Apr. 24, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES KEEL, Defendant and Appellant.

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

KAUS, P. J.—Defendant was convicted of burglary and sentenced to state prison. ■ The only question posed by appellant is whether his conviction is constitutionally defective because the record affords no evidence whatsoever that a lineup, at which the victim of the burglary identified defendant, was fair. Neither, for that matter, was there any evidence that the lineup was unfair. The question raised, then, is not whether in the event of conflicting evidence or conflicting inferences the People or the defendant have the burden of persuasion on the question of fairness. (Evid. Code, § 115.) Rather, it is a problem of who has the burden of going forward with some evidence on the issue. (Evid. Code, § 110.) However, for reasons stated below, we do not reach the issue.

The burglary in question was committed February 8, 1967. The preliminary hearing at which the victim testified concerning the lineup was held on March 27. The trial started on June 21, 1967. On that date a stipulation that the transcript of the preliminary hearing could be considered as evidence was entered into. The trial then resumed on July 27 and concluded on August 3.

*Stovall* v. *Denno,* 388 U.S. 293, 299-302 [18 L.Ed.2d 1199, 1204-1206, 87 S.Ct. 1967], on which defendant must necessarily rely as the major premise to his point, was decided on June 12, 1967. This is therefore not a case in which he can claim that lack of foreknowledge of the law prevented him from making a proper record. (Cf. *People* v. *Blackburn,* 260 Cal.App.2d 35, 44 [66 Cal.Rptr. 845].) *Stovall* had been decided more than seven weeks before the trial in the instant case concluded.

The entire testimony concerning the lineup consisted of the following questions and answers elicited on cross-examination: ". . . Q. And did you identify somebody off of the stage as the people who had been taking your stereo-television out and who had put it back? A. Right. Q. All right. How many did you identify at that time? A. Two. Q. Were they in the same lineup, or was there more than one lineup? A. There was one lineup. Q. How many were there on the stage, on this one lineup? A. About seven or eight people. Q. All right. Now, was it only one time that there were seven or eight people on the stage, or were these seven or eight asked to leave and then

another seven or eight came back? —if you remember. A. No, I think, one lineup. Q. And which two did you identify in this lineup? A. These two gentlemen here. Q. Mr. Keel and Mr. Salone? A. Right. . . .''

California Supreme Court decisions have not, as far as we are aware, decided the precise point defendant wants us to decide. Although, in *People* v. *Caruso,* 68 Cal.2d 183, 184 [65 Cal.Rptr. 336, 436 P.2d 336], the Supreme Court said that ''before defendant may invoke an exclusionary concept he must demonstrate that the lineup 'resulted in such unfairness that it infringed his right to due process of law.' (*Stovall* v. *Denno* (1967) 388 U.S. 293, 299) [18 L.Ed.2d 1199, 1205, 87 S.Ct. 1967],'' arguably this is only a dictum on the point, since in *Caruso* the court found that unfairness existed as a matter of law. Possibly, too, the phrase in *Stovall* v. *Denno* to which the court refers in *Caruso*—''. . . it remains open to all persons to allege and prove, as Stovall attempts to do in this case, that the confrontation resulted in such unfairness that it infringed his right to due process of law. . . .''—is not determinative, since it was made in the context of a collateral attack on a state judgment in a federal habeas corpus proceeding. In *People* v. *Feggans,* 67 Cal.2d 444, 449 [62 Cal.Rptr. 419, 432 P.2d 21], the court rejected a claim of unfairness stating that ''the showup itself appears to have been conducted with scrupulous regard for fairness.'' Similarly in *People* v. *Osuna,* 70 Cal.2d 759 [76 Cal.Rptr. 462, 452 P.2d 678] the court again ''scrutinized the record with respect to the pretrial identification'' and held that it was not unfair. Our problem is that we have nothing to scrutinize except the fact that the defendant was on a stage with seven or eight people who were not even described as to their sex.

We have come to the conclusion that the complete failure by defendant to make any issue of the fairness of the lineup at the trial makes it unnecessary to decide whether, if challenged in some fashion, the prosecution must at least prove a prima facie case of fairness before it can avoid the various consequences of an unfair lineup. No such challenge was made in the case at bar, where the transcript of the preliminary hearing went into evidence without objection. At that time counsel for defendant could have moved to strike the victim's courtroom identification of his client as being the product of a lineup identification not affirmatively shown to be fair. Nothing of the kind having been done, the point should not be available on appeal. To hold any other way would run contra

to established principles which—with but few exceptions not involved here—force a litigant to make his record in the trial court and to give his adversary fair notice of his contentions. (*People* v. *Fain,* 70 Cal.2d 588, 601, fn. 7 [75 Cal.Rptr. 633, 451 P.2d 65] ; *People* v. *Castro,* 257 Cal.App.2d 643, 645-646 [65 Cal.Rptr. 62] ; Evid. Code, § 353, subd. (a) ; Witkin, Cal. Evidence (2d ed. 1966) § 1285.) We thus find it unnecessary to decide whether : 1. upon proper objection the People have the burden of going forward and proving, at least prima facie, the fairness of a lineup ; or 2. whether the People also have the burden of persuasion on that issue.

Counsel for defendant raises additional points suggested by his client. They have no merit and need not be discussed.

The judgment is affirmed.

Stephens, J., and Aiso, J., concurred.