[Crim. No. 15915.   Second Dist., Div. One.   Aug. 6, 1969.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  CHARLES
EDWARD  HARDY,  Defendant  and  Appellant.

Leonard Sacks, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Melvin R. Segal, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, Acting P. J.—This is an appeal from a judgment of conviction of grand theft (§ 487.1, Pen. Code).

In an information filed in Los Angeles on November 15, 1967, appellant herein and Clarence Williams were jointly charged with grand theft in that they did on October 16, 1967, unlawfully steal the personal property of another of a value in excess of $200. Williams was also charged with five prior felony convictions and Hardy was ultimately charged with two prior felony convictions. Each defendant pleaded not guilty and denied the charged prior convictions. The cause was submitted upon a designated part of the transcript of the proceedings had at the preliminary hearing and the further testimony of the victim of the theft and the two defendants. Each defendant was found guilty as charged and

each of the charged prior convictions was found to be true and each defendant was sentenced to the state prison, the term as to Hardy to run consecutively to any other sentence he was then serving. A timely notice of appeal was filed by Hardy.

In brief the defendants induced one Gearring to withdraw from his bank account $445 and then defendants engaged in a bunco operation or in what is generally referred to as a "Jamaica Switch" and relieved Gearring of his money and in place thereof left him a wad of paper with a dollar bill wrapped around it in a sack. (See *People* v. *Orndorff*, 261 Cal.App.2d 212 [67 Cal.Rptr. 824] for the intricacies of "The Jamaica Switch.")

The defendants each testified that they had played craps with Gearring for several months prior to their arrest and that Gearring and Williams had gotten into an argument over a dice game in which Gearring had lost considerable money. Gearring in rebuttal stated that he had never seen either of the defendants before the 16th of October 1967 and that only two months before that he had been in Viet Nam.

Hardy now asserts that the evidence is insufficient to support the judgment, that his section 995, Penal Code motion should have been granted, that there was no identification of Hardy at the trial and further that section 1025, Penal Code is unconstitutional in that it requires a defendant to admit prior convictions in order to avoid imparting knowledge of the prior convictions to the trier of fact. There is no merit to any of appellant's contentions.

We have read the complete record in this case and plainly there was more than sufficient evidence for the trial judge to find as he did. Appellant clearly was associated with Williams in a bunco operation and they stole $445 from Gearring.

The trial judge simply believed the victim and disbelieved the two defendant ex-convicts.

As to the section 995 proceeding, it is clear that the offense as charged had been committed by the defendants. The information should not have been set aside pursuant to a section 995 motion. There is competent evidence that a crime had been committed and there is competent evidence to connect the defendants with the crime shown to have been committed. (*People* v. *Azevedo*, 218 Cal.App.2d 483, 488 [32 Cal.Rptr. 748]; see also *People* v. *Brice*, 234 Cal.App.2d 258, 271-272 [44 Cal.Rptr. 231].)

■ As to the identification contention in this case Gearring complained to the police of the theft within a day or so following the theft. Appellant and his codefendant were identified by Gearring from mug shots as being the persons who had stolen his money. Appellants' arrest was on another entirely different matter and in nowise was connected with the offense against Gearring. There was no objection raised concerning the in-court identification of appellant in any event, and the issue cannot be presented for the first time on appeal. (See *People* v. *Almengor,* 268 Cal.App.2d 614, 617 [74 Cal.Rptr. 213]; *People* v. *Rodriguez,* 266 Cal.App.2d 766, 770 [72 Cal.Rptr. 310]; *People* v. *Keel,* 272 Cal.App. 2d 275, 277 [77 Cal.Rptr. 298].) ■ Furthermore the prosecution introduced no evidence of appellant's identification which was obtained at the time of his arrest. In other words in this case there was never any exploiting of an illegal arrest or detention to the detriment of appellant.

■ Appellant's final contention is that section 1025, Penal Code is unconstitutional. What is said in *People* v. *Mason,* 269 Cal.App.2d 311, 313 [74 Cal.Rptr. 708], is appropriate: "Defendant first contends that it was prejudicial error to allow the jury to determine the truth or falsity of the prior convictions without first finding defendant guilty of the crime he was charged with. Defendant argues that it was unconstitutional to fail to bifurcate the trial such that the jury would receive evidence relating to defendant's prior conviction only after determination of defendant's guilt.

"It is not necessary to have a bifurcated proceeding in which the fact of the prior conviction is determined in a proceeding after the conviction of the primary offense. [Citations.]

■ "The statutory procedure (Pen. Code, §§ 1025, 1093, 1158) of reading to the jury the indictment referring to a prior conviction, and of presenting evidence to the jury of the prior convictions at the same time that the proof of the substantive crime is presented, does not deprive defendant of his constitutional rights. [Citations.]" (See also *People* v. *McDaniel,* 157 Cal.App.2d 492 [321 P.2d 497] (Appeal dismissed for want of a substantial federal question, 358 U.S. 282 [3 L.Ed.2d 299, 79 S.Ct. 323].)

■ It is to be remembered that in this case appellant admitted nothing. He put the prosecutor to the proof. It was his choice to deny that which (it was perfectly evident) the

prosecution could prove by certified copies of the records in the previous cases.

There was no unconstitutional procedure in this case.

The judgment is affirmed.

Lillie, J., and Thompson, J., concurred.

A petition for a rehearing was denied August 27, 1969, and appellant's petition for a hearing by the Supreme Court was denied October 1, 1969.